(No. 3688— )

BESSIE J. RENTFRO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Fisher, J.

This claim was filed in this court on February 19, 1942, by claimant, Bessie J. Rentfro, of Ziegler, Illinois, on her own behalf as widow of Robert R. Rentfro, deceased.

The complaint states that Robert R. Rentfro was 58 years of age at the time of his death and had no children under 16 years of age; that on January 14, 1942, while employed by the Division of Highways, State of Illinois, District No. 9, Maintenance Branch, the headquarters of which are located at Carbondale, Illinois, he was working on S. B. I. Route 148. about 2 miles south of Ziegler, Illinois, assisting in the filling of a slide by means of hauling and dumping debris into a fill on which the highway was located. He dismounted from the truck after it had stopped and while walking across the pavement for the purpose of flagging traffic an automobile being driven along the pavement struck said Robert R. Rentfro and killed him instantly. That an ambulance was called to the scene, but claimant does not have knowledge as to whether this was paid for by the State.

Claimant further alleges that at the time of the accident said deceased was being paid by the Division of Highways at the rate of 60c per hour for 8 hours a day.

The record under consideration consists of claimant's complaint, stipulation by the parties hereto, including a report of the Division of Highways, and respondent's statement, brief and argument, the claimant's having been waived.

Under Rule 21 of this court, the report of the Division of Highways filed in this case is prima facie evidence of the facts set forth herein.

The said report of the Division of Highways dated March 3, 1942, confirms the manner in which the accident occurred. It states that on January 14, 1942, on S. B. I. Route 148 about 2 miles south of Ziegler, Illinois, the deceased was part of a gang filling in a slide; that about 3:30 P. M. the deceased dismounted from a truck owned by the Division of Highways which had just stopped at the site of filling and walked across the highway for the purpose of flagging traffic temporarily while the fill was being dumped. An automobile being driven

by Marshal Morgan of Marion, Illinois, struck Robert R. Rentfro as he crossed the highway and killed him. That A. D. Pierce, maintenance patrolman and immediate superior of Robert R. Rentfro, and L. H. Winemiller, truck driver, were witnesses of the accident. The report further shows that at the time of the fatal accident the deceased was in the course of his employment and also that said accident arose out of his employment. It is not disputed that claimant was fully dependent upon deceased for her support.

Upon a full consideration of this case the court finds it has jurisdiction of the parties hereto and the subject matter; that respondent had proper notice of the accident and death of claimant's intestate; and application for adjustment of claim was filed in apt time as provided under Section 24 of the Act.

As an employee of the State, engaged in maintenance work, the deceased was entitled to the benefits of the Workmen's Compensation Act, and his widow would likewise be entitled to such benefits. From the report of the Division of Highways as to the work in which deceased was engaged and the occasion for his being at the place at the time at which the accident occurred, it would appear that there could be no question that the claimant's deceased husband's death arose during the course of and out of his employment. It also appears from the report of the Division of Highways that the decedent at the time of his death had no children under the age of 16 years. The question of hospitalization and medical services does not enter into this claim because the decedent's death was practically instantaneous, and the cost of transportation to the hospital has already been paid by the respondent.

Since the decedent's death occurred practically instantly, no question of temporary total disability compensation arises in this claim.

The report of the Division of Highways shows that during the year immediately prior to his death, the deceased, Robert R. Rentfro, and Joe Messavage, the predecessor of the deceased, as first helper to the maintenance patrolman on Maintenance Section 941, a part of Highway District 9, with headquarters at Carbondale, had been paid the sum of Twelve Hundred Seventy-Three and 40/100 Dollars ($1273.40), exclusive of overtime. This would mean an

average weekly wage of Twenty-Four and 48/100 Dollars ($24.48), and a weekly compensation rate of Twelve and 24/100 Dollars ($12.24), to which must be added ten (10) per cent under Section 8 (1) of the Workmen's Compensation Act, making a total of Thirteen and 46/100 Dollars ($13.46) weekly compensation.

Under Sections 7(a) and 7(k) of the Workmen's Compensation Act, for the benefit of the widow, Bessie J. Rentfro, the court finds an award justified in the amount of Four Thousand Four Hundred Dollars ($4,400.00), consisting of the item of Four Thousand Dollars ($4,000.00), maximum for the widow under Section 7(a), plus ten (10) per cent of this total, or Four Hundred Dollars ($400.00), as provided by amendment to the law passed in 1941 as to accidents occurring subsequent to July 1st of that year and found in Section 7(k), making a total amount of Four Thousand Four Hundred Dollars ($4,400.00).

An award is hereby made in favor of claimant, Bessie J. Rentfro, in the sum of $4,400.00, payable at the rate of $13.46 per week. The amount of $228.82 has accrued as earned compensation for seventeen (17) weeks from the date of death to May 13, 1942, and claimant is therefore entitled to the payment at this time of the sum of $228.82; future monthly payments to be made to her for her use on the basis of $13.46 per week for three hundred nine (309) weeks until the further sum of $4,159.14 has been paid to her, with an additional final payment of $12.04, making a total of $4,400.00; such payments being subject to the terms of the Workmen's Compensation Act of Illinois.

Jurisdiction of this cause is hereby retained for the purpose of making such further orders as may from time to time be necessary herein.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.